# IN THE COURT OF APPEALS OF IOWA

No. 15-1396
Filed March 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**EDUARDO BECERRA SANTANNA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Eduardo Becerra Santanna appeals his sentence following his guilty plea to the charge of operating a motor vehicle without the owner's consent, an aggravated misdemeanor, alleging ineffective assistance of counsel. **AFFIRMED.**

Jeremy B. A. Feitelson of Feitelson Law, L.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

In May 2015, Eduardo Becerra Santanna[1] pled guilty to the charge of operating a motor vehicle without the owner's consent in violation of Iowa Code section 714.7 (2015). Santanna does not dispute that he committed the underlying offense. Instead, he appeals his sentence,[2] arguing his trial counsel was ineffective by incorrectly stating to the court at sentencing that Santanna was on probation. While Santanna does not specify the resulting prejudice in his appeal, presumably he contends that this misstatement resulted in a more severe sentence from the district court.

In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). We can resolve ineffective-assistance-of-counsel claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015). While ineffective-assistance-of-counsel claims are generally preserved for postconviction relief actions, we will address them on direct appeal where, as here, the record is sufficient to permit ruling. *See State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013).

---

[1] The arraignment order recites that defendant's correct name is Eduardo Becerra-Santana. The presentence investigation report lists a number of aliases, none of which spells defendant's last name "Santanna." We use the spelling the sentencing order and notice of appeal use.

[2] Santanna requests that the court reverse his conviction and remand for an order of dismissal or for new trial. However, Santanna's brief alleges ineffective assistance only with regard to his sentence, not the underlying guilty plea. Accordingly, error has not been preserved as to any challenge of the conviction, and we will consider Santanna's brief as a request to vacate the sentence and remand for resentencing.

At sentencing, both Santanna's counsel and the State represented to the district court that Santanna was on probation at the time of the vehicular offense. The parties do not dispute, and the record reflects, that this was, in fact, not the case.[3]  After hearing the arguments of counsel and a statement from Santanna—in which Santanna corrected the misstatement regarding his probation status—the district court sentenced Santanna to two years in prison.  In doing so, the district court reasoned:

> Well, it's clear, Mr. Santanna, that you are unable to succeed on probation.   Your record just makes that abundantly clear. Probation has been tried, and it has not worked.  You can become violent.
> While you were out on probation, you were using drugs. There really is no other alternative at this point except to sentence you to prison based upon your record and your consistent failure to comply with the terms of probation.

Starting in 2007, Santanna's record contains multiple probation sentences and subsequent probation violations.  The district court clearly considered the entirety of Santanna's criminal history and lack of compliance with the terms of probation when it determined the appropriate sentence.  Santanna has not met his burden to show a reasonable probability that his sentence would have been different absent his counsel's misstatement.  *See Ambrose*, 861 N.W.2d at 557 ("To establish prejudice in the context of an ineffective-assistance-of-counsel claim, a defendant must show a reasonable probability that the result of the [proceeding] would have been different.  The likelihood of a different result must

---

[3] The offense in this case occurred in February 2015.  On November 20, 2014, Santanna was charged with an unrelated offense, for which a probation sentence took effect in March 2015.

be substantial, not just conceivable." (citation omitted)). Accordingly, we affirm the district court's sentence pursuant to Iowa Court Rule 21.26(1)(d).

**AFFIRMED.**